IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 10-cr-30015 |
| GARRET R. MAYNOR, | ) ) ) |
| Defendant. | ) |

OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Garret Maynor's Motion for Early Termination of Supervised Release. (Doc. 60). For the reasons that follow, Defendant's Motion is GRANTED.

I.   BACKGROUND

In September 2010, Defendant pleaded guilty to manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). (Doc. 18; Text Order, Sept. 10, 2010). The presentence investigation report (PSR) reflected Defendant's criminal history score of 10. (Doc. 24 at 12-21). At sentencing, he was classified as a career offender, resulting in a final offense level of 31, a criminal history category of VI, and a sentencing guideline range of 188 to 235 months of imprisonment. (*Id.* at 30). After granting the Government's Motion for Downward Departure, the district court sentenced Defendant to 168 months of imprisonment and 6 years of supervised release. (Text Order, Jan. 10, 2011).

In March 2021, this Court granted Defendant's Motion for Compassionate Release, and reduced his term of imprisonment to time served. (Order, Doc. 57). On July 17, 2023, Defendant filed a Motion for Early Termination of Supervised Release. (Doc. 60). He argues termination of his supervised release is appropriate based on his good behavior, health issues, and desire to return to normalcy. (*Id.* at 1-4). He has served approximately 28 months of his 72-month term of supervised release. The Government responded that the probation office's policy is that it does not take a position on requests for early termination of supervised release until the defendant has served one-half of the supervised release term. (Doc. 62 at 3). In light of the probation department's position and Defendant's criminal history, the Government argues that an early termination of supervised release is not in the interest of justice. However, the Government would not object to Defendant refiling his motion in six months after he completed one-half of his term of supervised release. (*Id.* at 3-4).

II.     DISCUSSION

Under 18 U.S.C. § 3583(e)(1), a district court may terminate a defendant's supervised release after the defendant has served at least one year if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," it finds that early termination is "warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3553 factors that the court shall consider are:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;
3. The need for the sentence imposed to protect the public from further crimes of the defendant;
4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
5. The applicable sentencing range;
6. Any pertinent policy statement;
7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
8. The need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553.

The law permits the Court to grant early termination "after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant." *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011). The district court possesses wide discretion in making this determination. *See United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). Typically, Courts have granted early termination where the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, that his behavior has been exceptionally good, or that continued supervision may impede his rehabilitation. *See United States v. White*, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). For example, early termination of supervised release has been granted where the defendant fully complied with the terms of his conditions, made efforts to maintain employment, and intended to relocate with his fiancée. *United States v. Coney*, 2013 WL 5701081, at *1-2 (E.D. Wis. Oct. 18, 2013). In another case, early termination of supervised release was granted where the defendant completed a drug treatment

program, maintained a stable residence, successfully reintegrated into the community, had medical issues, did not pose a risk to the public, and received support from family and friends. *United States v. Taylor*, 2018 WL 7859621, at *2 (N.D. Ill. Oct. 19, 2018).

Maynor meets two of the three factors which allow a Court to exercise its discretion to terminate supervised release early, namely: he has served at least one year of supervision, and the government was given notice and an opportunity to be heard. 18 U.S.C. § 3583(e)(1). Neither party requested a hearing on Defendant's Motion.

The Court has considered the pertinent § 3553(a) factors and conduct of the defendant. 18 U.S.C. § 3583(e)(1). The first § 3553(a) factor is the seriousness of the offense. Defendant was held accountable for 82.44 grams of pseudoephedrine and 34.2 grams of methamphetamine. There were no unique circumstances regarding the offense that were not accounted for in the guideline calculation or imposition of the sentence.

Maynor's personal history and characteristics support early termination of his supervised release. According to his PSR, Maynor is now 59 years old with considerable medical issues. (Doc. 24 at 2). After his release from custody, he was granted permission to relocate to Florida to care for his elderly parents. He indicated in his letter that his mother suffered from Alzheimer's and recently passed away. (Doc. 60 at 2). He continues to assist his father who is battling cancer. Maynor is responsible for disposing of his father's assets and moving him from Florida to Illinois. (*Id.* at 2-3). Maynor is married to his high school sweetheart who is a positive influence on his rehabilitative efforts. (*Id.* at 3). Despite dealing with his own health issues, Defendant has recently obtained a new job. (*Id.*).

In terms of the applicable sentencing factors, the Court notes that Maynor does have a prior criminal history. However, he has served 28 months of his 72-month term of supervised release, and there is no evidence that Maynor has committed any violations while on supervised release in Florida or Illinois. Additionally, he has been able to maintain employment for a utilities company while caring for his father. (Doc. 60 at 3). Maynor has clearly made positive life changes through the assistance of rehabilitative measures.

The Court has also considered the other relevant § 3553(a) factors: the need to deter others from engaging in the kind of conduct the defendant engaged in, the need to protect the public from him, and any rehabilitation continued supervision might provide. As to deterrence, the Court suspects that the significant prison term imposed served this function. There is no evidence that Maynor continues to pose a threat to the community. Moreover, the Court believes Maynor is firmly committed to living a crime-free life — and he has taken concrete steps to build the community and family support that will be necessary to do this. The assistance and advice of Probation was well-utilized by Maynor but is no longer necessary, as he has successfully completed 28 months of his term of supervised release.

In accordance with the requirements of 18 U.S.C. § 3583(e)(1), the early termination of Maynor's supervised release is warranted by his conduct and in the interest of justice. Thus, Maynor's *pro se* Motion for Early Termination of Supervised Release is GRANTED. (Doc. 60).

ENTER: September 8, 2023

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE